68 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marta Isabel VINDEL-DIAZ, a/k/a Rosa Danelia Castro-Blandon,
Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70209.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 1
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Marta Isabel Vindel-Diaz, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of an immigration judge ("IJ"), denying her requests for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. Secs. 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105(a) and deny the petition for review.
 
 
 4
 We review for abuse of discretion the BIA's denial of asylum, and for substantial evidence the decision to deny the withholding of deportation. Kazlauskas v. INS, 46 F.3d 902, 905, 907 (9th Cir. 1995). We will uphold the BIA's decision unless an alien demonstrates "that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 5
 To establish eligibility for asylum, Vindel-Diaz must show that she has a well-founded fear of persecution in Nicaragua on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. Secs. 1101(a)(42), 1158; Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir. 1993). Vindel-Diaz must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. "The objective component requires 'a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution"' on account of one of the enumerated grounds. Prasad v. INS, 47 F.3d 336, 339 (9th Cir. 1995) (quoting Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir. 1994)).
 
 
 6
 Vindel-Diaz contends the BIA's decision that she failed to establish a well-founded fear of persecution is not supported by substantial evidence.[1] Vindel-Diaz claims fear of future persecution because: (1) the Sandinistas jailed, tortured and killed her brother because he was a suspected member of the Contra resistance; (2) the Sandinistas accused her husband of helping his brother to desert the Sandinista army; (3) the Sandinistas repeatedly harassed and questioned her about the whereabouts of her brother-in-law, and subsequently about her husband who fled the country soon after his brother; (4) the Sandinistas imputed an anti-Sandinista opinion upon her, referring to her as "the sister-in-law of the Contra"; and (5) when she was unable to pay a fine for her failure to participate in community activities, her food rations were reduced and she received a death threat.
 
 
 7
 Here, substantial evidence supports the BIA's determination that Vindel-Diaz failed to present specific evidence to support an objectively reasonable, well-founded fear of persecution. See Prasad, 47 F.3d at 339; Kazlauskas, 46 F.3d at 906. Although Vindel-Diaz may have been harassed by the Sandinistas, the BIA noted that there is no evidence that she was ever jailed, arrested, or physically harmed by them. Moreover, the BIA found that it was not convinced that Vindel-Diaz received a credible threat on her life, or that the alleged threat was based on an enumerated ground. Absent a pattern of persecution tied to Vindel-Diaz, the alleged attacks on her family members is insufficient to establish a well-founded fear of persecution. See Prasad, 47 F.3d at 340 (citing Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir. 1991). Vindel-Diaz failed to make an individualized showing that she would suffer persecution as a result of the political opinion allegedly imputed to her because of her relationship to her brother, her husband or her brother-in-law. See De Valle v. INS, 901 F.2d 787, 792 (9th Cir. 1990).
 
 
 8
 Moreover, the BIA found it is unlikely that Vindel-Diaz would face persecution if she returned to Nicaragua, because the Sandinistas were voted out of office in 1990. See Kazlauskas, 46 F.3d at 906 n.3 (stating that fundamental political changes are highly relevant to the likelihood of future persecution). Accordingly, we conclude that the BIA did not abuse its discretion by affirming the IJ's denial of asylum. See Kazlauskas, 46 F.3d at 905.
 
 
 9
 Finally, because the standard for withholding of deportation is higher than the standard for a grant of asylum, and because Vindel-Diaz has failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Prasad, 47 F.3d at 340; Acewicz, 984 F.2d at 1062.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds This case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of This circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Vindel-Diaz does not challenge the BIA's determination that she did not suffer from past persecution